FILED
2013 Aug-07  PM 02:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIE ARTIE WHITMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:12-cv-1972-LSC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I.    Introduction

The plaintiff, Willie A. Whitman, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for a period of disability, Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Mr. Whitman timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Whitman was fifty-two years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he has a high school education, as well as training as

a welder. (Tr. at 29, 62-63.) His past work experiences include employment as a cleaning machine operator, cable puller, front desk receptionist, groundskeeper, construction worker, dishwasher, mail sorter, and runner. (Tr. at 86, 87.) Mr. Whitman claims that he became disabled on November 4, 2008, due to bipolar disorder, depressive features, suicidal and homicidal tendencies, back pain, gout, and bronchitis. (Tr. at 66-83, 94, 215, 270.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id*. If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id*. The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id*. If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id*. If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id*. Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id*.

Applying the sequential evaluation process, the ALJ found that Mr. Whitman met "the insured status requirements of the Social Security Act through March 31,

2012." (Tr. at 39.) She further determined that Mr. Whitman has not engaged in substantial gainful activity since the alleged onset of his disability. (Tr. at 40.) According to the ALJ, Plaintiff's mild degenerative disk disease of the lumbar spine, arthralgias, organic mental disorder, alcohol dependence, cocaine dependence, marijuana dependence,  bipolar disorder, depressive disorder,  and personality disorder are considered "severe" based on the requirements set forth in the regulations. (*Id.*) In addition, the ALJ determined that Plaintiff's impairments, including his substance abuse disorders, met section 12.09 of 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)  She determined that if Plaintiff stopped the substance use, the remaining limitations would cause more than a minimal impact on his ability to perform basic work activities; therefore, he would continue to have a severe impairment or combination of impairments.  (Tr. at 42.)  However, she found that if Plaintiff stopped the substance use, these impairments would neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)  The ALJ found that absent consideration of substance abuse, Plaintiff possessed the residual functioning capacity ("RFC") to perform the following:

> light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except the claimant can stand/walk six hours in an eight-hour day; can sit six hours

in an eight-hour day; can lift/carry twenty pounds occasionally and ten pounds frequently; can occasionally climb ramps and stairs; can never climb a ladder, rope, or scaffold; must avoid concentrated exposure to extreme cold, extreme heat, fumes, odors, dusts, gases and poor ventilation; must avoid all exposure to hazardous machinery and unprotected heights; can understand and recall simple workplace duties and procedures; can execute simple 1-2-3 step commands; can concentrate for two hour time periods if given routine breaks in order to complete an eight-hour workday; can work best in a well spaced work environment; can maintain no contact with the general public; and can adapt to workplace changes that are simple, gradually introduced and well explained; and is expected to miss one day of work per month due to physical or mental impairments.

(Tr. at 43-44.)

Relying on a vocational expert ("VE"), the ALJ determined that if the plaintiff stopped the substance abuse, he would be unable to perform any of his past relevant work. (Tr. at 49.) The ALJ noted that Plaintiff was an "individual closely approaching advanced age," has a high school education, and is able to communicate in English, as those terms are defined by the regulations. (*Id.*) The ALJ determined that transferability of job skills is not material to the determination of disability. (*Id.*) The ALJ then determined that "[i]f the claimant stopped the substance abuse, considering the claimant's age, education, work experience, and residual functional capacity, there would be a significant number of jobs in the national economy that the claimant could perform," such as garment sorter, cloth folder, and folding machine operator. (Tr. at

49-50.) Accordingly, the ALJ found that because Plaintiff would not be disabled if he stopped the substance abuse, his substance abuse is a contributing factor material to the determination of disability, and thus, the plaintiff "has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of this decision." (Tr. at 50.)

II.   Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being

supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.    Discussion

Mr. Whitman alleges that the ALJ's decision should be reversed and remanded for one reason. He contends that the ALJ's decision is in error because substantial evidence does not support the conclusion that drug and alcohol use was a material factor to the determination of disability. As evidence of this, Plaintiff asserts that the ALJ failed to take into account evidence in the record suggesting that the plaintiff would be unable to work even if he was drug and alcohol free. Because of this, Plaintiff alleges that the ALJ's findings are not based upon substantial evidence.

Specifically, the plaintiff contends that the ALJ's decision is not supported by substantial evidence because the ALJ did not properly consider his mental impairments independent of his substance abuse. (Doc. 8 at 5.) However, the record shows that the ALJ did consider the plaintiff's mental impairments independently of his substance abuse, and that there is substantial evidence supporting her decision.

The ALJ found that Plaintiff has a history of chronic and situational depression, even when not using drugs or alcohol. (Tr. at 21.) The ALJ also found that this depression, even if the plaintiff ceased using drugs and alcohol, constituted a severe impairment. (*Id.*) However, the ALJ determined that the depression did not meet or exceed the criteria of impairments listed in the regulations, or prevent the plaintiff from performing the requirements of other occupations that existed in significant numbers in the national economy; namely, garment sorter, cloth folder, or folding machine operator. (Tr. at 28-29.)

The Social Security Act precludes the award of benefits when drug or alcohol abuse is found to be a contributing factor material to the finding of disability. *See* 42 U.S.C. §§ 423(d)(2)(c), 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535, 416, 935; *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The ALJ found that the plaintiff's drug and alcohol abuse was a contributing factor material to the determination of disability,

and substantial evidence supports this finding.

The record establishes that Plaintiff has a long history of substance addiction issues. (Tr. at 16-29.) Plaintiff was admitted to the hospital in October 2008 after he attempted suicide with an overdose of Zoloft and alcohol. (Tr. at 626-635.) He was there diagnosed with alcohol dependency and cocaine abuse, among other things. (Tr. at 626.) At discharge, Dr. Thotakura ordered him to abstain from illicit drug use. (Tr. at 665.) In December 2008, after being admitted to the VA psychiatric ward, Plaintiff reported that he was fired from his job for drinking half a bottle of sherry twice weekly. (Tr. at 673.) He there denied drug use, but his drug screen from October 2008 was positive for cocaine and barbiturates. (*Id.*) At discharge, he was diagnosed with alcohol dependence, cocaine dependence, and marijuana dependence in early remission, among other things. (Tr. at 672, 674.) Dr. Kowal instructed Plaintiff to attend outpatient treatment and avoid substance abuse. (Tr. at 674.) In February 2009, he was again admitted to the VA hospital, where he reported that he began drinking alcohol at age 9 and freebasing cocaine at age 22. (Tr. at 848.) He reported that he had lost numerous jobs due to his addictions. (Tr. at 849.) In March 2009, Plaintiff entered the VA Outpatient Substance Abuse Clinic ("OSAC") treatment program and reported worsening substance abuse problems (Tr. at 1193-1236.) He reported

that he typically drank a bottle of wine and one six pack daily, and used cocaine one to two times per week. (Tr. at 1198.) He was once again diagnosed with continuous alcohol and cocaine dependence, along with his mental issues. (Tr. at 1199.) As a result of this evidence, the ALJ determined that the plaintiff's drug and alcohol abuse was a contributing factor material to the determination of disability, and thus he was precluded from receiving social security benefits.

Not only was there substantial evidence to support the ALJ's determination that Plaintiff's drug and alcohol use contributed to his disability, but there was also substantial evidence supporting his finding that the plaintiff would not be disabled apart from his drug and alcohol use. The plaintiff, not the Commissioner, bears the burden of proving that he would still be disabled if he stopped using drugs and/or alcohol. *See Doughty*, 245 F.3d at 1275-76, 1280-81. Thus, since Plaintiff has a history of substance abuse, he is not disabled unless he can prove he would still be unable to work absent the substance abuse. The plaintiff does not point to any specific evidence in the record supporting his assertion that he would still be disabled if he stopped abusing drugs and alcohol. Therefore, since the plaintiff has the burden of proof, this assertion could be dismissed on that ground alone. However, it is worth noting that evidence in the record actually points in the other direction, indicating that Plaintiff

*would* be able to perform the requirements of other work if he stopped using drugs and alcohol.

To begin with, the ALJ elicited testimony from a vocational expert, who testified that a person with Plaintiff's limitations could perform the jobs of garment sorter, cloth folder, and folding machine operator. (Tr. at 86-92.) This was supported by the findings of Eugene Fleece, Ph.D., a state agency psychologist who reviewed Plaintiff's medical records and completed a Psychiatric Review Technique Form in April 2009 where he found the plaintiff to have only moderate functional limitations, when he refrains from substance abuse (except in the category of interacting appropriately with the general public). (Tr. at 1263-76, 1291-93.) Dr. Fleece noted that Plaintiff would need to ask for supervisory flexibility in work hours and scheduling, but that he could remain within competitive limits on psychiatric grounds. (Tr. at 1293.) Furthermore, Dr. Fleece found that Plaintiff would show some irritable/anxious distractibility if assigned to work in close proximity with numerous others, but that the effect would be minor in a well spaced work environment. (*Id.*) Dr. Fleece also found that Plaintiff would miss only one day of work monthly due to mental issues, that he could take direct, non-confrontational supervision, and that he could adapt to simple, gradually introduced, or well explained workplace changes.

(*Id.*)

Additionally, Plaintiff was admitted to a hospital in February 2010, where he was treated by Dr. Michael Shehi. (Tr. at 1303, 1319-20.) During his stay, Plaintiff's mood stabilized and his depression decreased with medication. (Tr. at 1319.) Dr. Shehi diagnosed Plaintiff with major depressive disorder, alcohol abuse, and cocaine abuse. (Tr. at 1319-20.) Plaintiff reported that he felt "really better" with medication, and Dr. Shehi assessed his prognosis as good with continued treatment. (Tr. at 1320, 1412.) Dr. Shehi discharged Plaintiff in improved condition with a GAF score of 70.[1] (Tr. at 1319.)  Plaintiff later reported in July 2010 that he was doing better with negative alcohol tests. (Tr. at 1512-21.)

The ALJ found that this evidence of record demonstrates that the plaintiff's mental status improves significantly when he refrains from substance abuse and that all of the plaintiff's psychological episodes occurred while he was under the influence of alcohol or drugs. (Tr. at 26.) Furthermore, the ALJ found that Plaintiff's depression would be moderate at worst, without his substance abuse. (*Id.*) Notably, the mere presence of an impairment, such as depression in this case, is insufficient to

---

[1] A GAF score of 61-70 indicates some mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well and having some meaningful interpersonal relationships.  *See* GAF Scale American Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* p. 34 (4th ed. Rev. 2000).

render a person disabled.  Instead, it is the functional limitations that the impairment causes, and not the impairment itself, which affect an individual's ability to work. *See McCruter v. Bowen*, 791 F. 2d 1544, 1547 (11th Cir. 1986) ("the 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality."); SSR 96-8p, 1996 WL 374184 ("The RFC assessment considers only the functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms.").

The ALJ relied on the findings of Dr. Fleece,[2] Dr. Shehi, and the VE in determining that Plaintiff could perform the requirements of other occupations existing in significant numbers in the national economy, if he stopped his substance abuse. The plaintiff failed to produce any evidence supporting his assertion that he could not perform the jobs cited by the vocational expert and the ALJ, if he stopped his substance abuse. Therefore, substantial evidence supports the ALJ's finding that substance abuse was a contributing factor material to the determination of disability,

---

[2] The ALJ specifically found Dr. Fleece's opinion consistent with the medical evidence of record.  (Tr. at 20-21.)  Medical experts are considered experts in the Social Security disability programs and their opinions may be entitled to great weight if the evidence supports their opinions. *See* 20 C.F.R. §§ 404.1512(b)(6), 404.1527(f)(2)(I), (iii), 416.912(b)(6), 416.927(f)(2)(I), (iii).

and that if plaintiff stopped his substance abuse, he would not be disabled.

IV. Conclusion

Upon review of the administrative record, and considering all of Mr. Whitman's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this 7th day of August 2013.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[160704]